IN THE UNITED STATE BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| William W. Yotis, III, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Bk No: 14-02689 |
| | ) | |
| | ) | Adv. No: 14-00459 |
| People of the State of Illinois | ) | |
| Plaintiff, | ) | Hon. Jack B. Schmetterer |
| v. | ) | |
| William W. Yotis, III | ) | |
| Defendant. | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter coming to be heard on the Plaintiff People of the State of Illinois' Motion for Default Judgment on the Complaint herein and after such hearing the Court makes the following findings of fact and conclusions of law.

## **FINDINGS OF FACT**

1. Defendant was the Director and Chief Operating Officer of Professional Construction Services, Inc., an Illinois Corporation, incorporated June 29, 1998.

2. Through Professional Construction Services, Inc., Debtor was engaged in the trade or commerce of advertising, offering for sale, and selling home repair, improvement, remodeling, and/or related construction goods and services.

3. Between 1999 and 2001, the Debtor contracted with consumers for home repair, improvement, remodeling, and/or related services.

1

4.     Most of these contracts were entered into while Debtor was present in the consumer's home.

5.     Based on complaints received by Illinois Attorney General's Office from consumers that contracted services were not being performed by the Debtor, and that payments were not being refunded by the Defendant upon request, the Illinois Attorney General's Office filed a civil complaint in Chancery Division of the Circuit Court of Cook County on September 20, 2001.

6.     The complaint alleged several violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, and the Home Repair Fraud Act, 815 ILCS 515/1 *et seq.* and was brought in the name of the Illinois Attorney General who has enforcement powers under both Acts.

7.     With regard to the consumers listed in the complaint, Debtor engaged in unfair or deceptive acts or practices including but not limited to the following acts:

   a. Debtor entered into contracts with consumers to perform home repair work, accepted deposits toward the contracts, and failed to perform a substantial portion of the work; and

   b. Debtor entered into contracts with consumers to perform home repair work, accepted deposits toward the contracts , and performed shoddy and unworkmanlike work; and

   c. Debtor performed incomplete work and then promised to refund money that was paid pursuant to home repair contracts, but failed to refund money despite repeated demands for return of the money to the consumers; and

   d. Debtor failed to attach a "NOTTICE OF CANELLATION" to the contracts entered into with consumers and failed to print language informing the consumer of the right to cancel on the printed receipts; and

   e. Debtor failed to inform the consumers orally, at the time the consumer signed the contract of the consumer's right to cancel; and

   f. Debtor failed to honor consumer's three day right to cancel; and

g. Debtor failed to complete home construction and repair services at the consumers' residences in accordance with their agreements; and

h. Debtor failed to return any of the money taken from the consumer for outstanding services within ten (10) days after demand letter sent by or on behalf of consumers were sent requesting reimbursement of such funds; and

i. Debtor failed to provide consumers the required copy of the pamphlet "Home Repair-Know Your Consumer Rights."

8. On May 5, 2008, the Circuit court granted summary judgment in favor of the State against Defendant, finding that that Defendant admitted facts that demonstrate that he actively participated in the fraudulent schemes and deceptive practices

9. On October 16, 2008, the state court issued an order awarding restitution in the amount of $47,195, a civil penalty in the amount of $50,000, and permanently enjoining Debtor from engaging in the trade or commerce of advertising, offering for sale, or selling home repair, improvement, remodeling and/or related construction services, or otherwise engaging in home repair as defined in Section 2(a)(1) of the Home Repair Fraud Act, 815 ILCS 515/2(a)(1).

10. As of September 19, 2014, $45,500.63 remains outstanding as to the order of restitution.

## CONCLUSIONS OF LAW

1. The Defendant engaged in acts of false pretenses, false representations, and actual fraud with consumers which caused pecuniary losses in the amount of $47,195 as a result of their reliance.

2. The outstanding restitution in the amount of $45,500.63 is nondischargeable pursuant to 11 U.S.C 523(a)(2)(A).

*Through Report to 01 CH 15630*

3. Defendant's debt to plaintiff for restitution in the amount of $45,500.63 is excerpted pursuant to 11 U.S.C § 523(a)(2)(A) from a discharge granted in the underlying bankruptcy case.

Enter:

Dated: 9/23/14

_____
United State Bankruptcy Judge

SEP 23 2014